|  |  |
|---|---|
| DESIREE PEPIN,<br>an individual,<br><br>    Plaintiff,<br>v.<br><br>MEGA SHOPPING, LLC, Florida Limited<br>Liability Company, CARIBE CAFÉ<br>RESTAURANT, Florida Profit Corporation,<br><br>    Defendants.<br>_____/ | IN THE CIRCUIT COURT OF THE<br>11TH JUDICIAL CIRCUIT, IN AND<br>FOR MIAMI DADE COUNTY, FLORIDA<br><br>CASE NO.: |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Plaintiff, DESIREE PEPIN, by and through the undersigned attorney, sues the Defendant, MEGA SHOPPING, LLC, Florida Limited Liability Company (hereinafter "MEGA SHOPPING") authorized to do and doing business in the State of Florida, CARIBE CAFÉ RESTAURANT, Florida Profit Corporation (hereinafter "CARIBE") authorized to do and doing business in the State of Florida, and pursuant to all applicable Florida Rules of Civil Procedure, and alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. This is an action in excess of Thirty Thousand ($30,000.00) Dollars and is within the jurisdiction of this Court.

2. At all times material hereto, Plaintiff, DESIREE PEPIN (hereinafter "PEPIN"), was and is a resident of Albuquerque, New Mexico.

3. At all times material hereto, Defendant, MEGA SHOPPING, was and is a Florida Limited Liability Company, organized and existing under the law of the State of Florida and doing

business in Miami-Dade County; specifically, operating from its principal address at 3941 NW 7th Street, Miami, FL 33126.

4. At all times material hereto, Defendant, CARIBE, was and is a Florida Profit Corporation, organized and existing under the law of the State of Florida and doing business in Miami-Dade County; specifically, operating from its principal address at 3953 NW 7th Street, Miami, FL 33126.

5. That the tortuous incident, which forms the basis for this Complaint, occurred on or about July 31st, 2019, at the Defendant, MEGA SHOPPING Parking Lot area located at 3953 NW 7th Street, Miami, FL 33126.

## FACTUAL ALLEGATIONS

6. On or about July 31, 2019, Plaintiff, PEPIN, was lawfully on the premises at Defendant's parking lot, located at 3953 NW 7th Street, Miami, FL 33126.

7. That the Premises were owned, maintained, and/or operated by Defendant, MEGA SHOPPING.

8. That Plaintiff, PEPIN, tripped and fell on an uneven, unmaintained, dangerous tripping hazard in the parking lot near the entrance to Defendant, CARIBE'S restaurant, which was required to be maintained by Defendant MEGA SHOPPING, and which was allowed to remain on Defendant MEGA SHOPPING's parking lot at its premises.

9. As a direct result, Plaintiff, PEPIN suffered injuries that will continue in the future.

## COUNT I
## NEGLIGENCE AS TO DEFENDANT, MEGA SHOPPING, LLC

Plaintiff re-adopts and re-alleges paragraphs 1 through 9 as if fully set forth herein verbatim, and further alleges as follows:

10. On or about July 31, 2019, Plaintiff was an invitee, at the premises of Defendant, MEGA SHOPPING, at the above stated location.

11. That it was the duty of the aforesaid Defendant, MEGA SHOPPING, to use ordinary care and diligence to design, build, keep and maintain the entirety of its premises in a condition reasonably safe for its intended use and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff PEPIN, or present an unreasonable risk of harm to her in her lawful use of same.

12. That it was the duty of the aforesaid Defendant to exercise reasonable care to protect the Plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of a common area, an area of high traffic, and an area that the Defendant knew was going to be used by its invitees, licensees, agents and/or employees.

13. That it was the duty of the aforesaid Defendant, MEGA SHOPPING, to exercise reasonable care to protect the Plaintiff, by inspection and other affirmative acts, from injuries resulting on the premises of the Defendant, MEGA SHOPPING.

14. That it was the duty of the aforesaid Defendant, MEGA SHOPPING, to use reasonable care in the design, construction, and maintenance of the aforesaid area, in a manner consistent with and in conformity with recognized standards of construction, design, maintenance and safety.

15. That Defendant, MEGA SHOPPING, failed to maintain reasonable care of their premises and allowed an uneven, dirty, unmaintained, trip and fall hazard to be on the premises, specifically near the valet area, for an unreasonable amount of time, causing the Plaintiff to trip and fall.

16. Plaintiff, PEPIN, suffered severe injuries to her person.

17. That it was the duty of the aforesaid Defendant, MEGA SHOPPING, to warn the Plaintiff about the dangerous and unsafe conditions on their premises.

18. That the Defendant, MEGA SHOPPING, had the duty to know, or in the exercise of reasonable care and diligence, should have known the tripping hazard existed in sufficient time prior to this incident to have warned or cautioned the Plaintiff and/or to have corrected and/or remedied such condition.

19. That Defendant breached the abovementioned duties to Plaintiff.

20. That Defendant MEGA SHOPPING's breach of the abovementioned duties was the actual and proximate cause of Plaintiff, PEPIN's, injuries.

21. As a direct result of her injury, Plaintiff PEPIN, has been forced to incur substantial medical bills; has suffered severe physical pain, mental suffering, and anguish; has suffered permanent injury; has been prevented in the future and will be hindered from attending to her business and personal affairs.

22. As a direct result of the Defendant, MEGA SHOPPING's negligence, Plaintiff suffered losses, including but not limited to, bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, aggravation or acceleration of pre-existing injury, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, DESIREE PEPIN, demands judgment against the Defendant, MEGA SHOPPING, LLC, for damages, costs of this action, and other further and equitable and legal relief as this Court may deem appropriate, along with a trial by jury on all issues so triable.

## COUNT II

## NEGLIGENCE AS TO DEFENDANT, CARIBE CAFÉ RESTAURANT

Plaintiff re-adopts and re-alleges paragraphs 1 through 9 as if fully set forth herein verbatim, and further alleges as follows:

23. On or about July 31, 2019, Plaintiff was a licensee, at the premises of Defendant, CARIBE, at the above stated location.

24. That it was the duty of the aforesaid Defendant, CARIBE, to use ordinary care and diligence to design, build, keep and maintain the entirety of its premises in a condition reasonably safe for its intended use and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff PEPIN, or present an unreasonable risk of harm to her in her lawful use of same.

25. That it was the duty of the aforesaid Defendant to exercise reasonable care to protect the Plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of a common area, an area of high traffic, and an area that the Defendant knew was going to be used by its invitees, licensees, agents and/or employees.

26. That it was the duty of the aforesaid Defendant, CARIBE, to exercise reasonable care to protect the Plaintiff, by inspection and other affirmative acts, from injuries resulting on the premises of the Defendant, CARIBE.

27. That it was the duty of the aforesaid Defendant, CARIBE, to use reasonable care in the design, construction, and maintenance of the aforesaid area, in a manner consistent with and in conformity with recognized standards of construction, design, maintenance and safety.

28. That Defendant, CARIBE, failed to maintain reasonable care of their premises and allowed an uneven, dirty, unmaintained, trip and fall hazard to be on the premises, specifically near the valet area, for an unreasonable amount of time, causing the Plaintiff to trip and fall.

29. Plaintiff, PEPIN, suffered severe injuries to her person.

30. That it was the duty of the aforesaid Defendant, CARIBE, to warn the Plaintiff about the dangerous and unsafe conditions on their premises.

31. That the Defendant, CARIBE, had the duty to know, or in the exercise of reasonable care and diligence, should have known the tripping hazard existed in sufficient time prior to this incident to have warned or cautioned the Plaintiff and/or to have corrected and/or remedied such condition.

32. That Defendant breached the abovementioned duties to Plaintiff.

33. That Defendant CARIBE's breach of the abovementioned duties was the actual and proximate cause of Plaintiff, PEPIN's, injuries.

34. As a direct result of her injury, Plaintiff PEPIN, has been forced to incur substantial medical bills; has suffered severe physical pain, mental suffering, and anguish; has suffered permanent injury; has been prevented in the future and will be hindered from attending to her business and personal affairs.

35. As a direct result of the Defendant, CARIBE's negligence, Plaintiff suffered losses, including but not limited to, bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, aggravation or acceleration of pre-existing injury, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, DESIREE PEPIN, demands judgment against the Defendant, CARIBE CAFÉ RESTAURANT, for damages, costs of this action, and other further and equitable and legal relief as this Court may deem appropriate, along with a trial by jury on all issues so triable.

**DATED** this _____ day of <u>June</u>, **2021**.

                                    **GOLDBERG & ROSEN, P.A.**
                                    *Counsel for Plaintiff*
                                    2 S. Biscayne Blvd.-Suite 3650
                                    Miami, Florida 33131
                                    Tel: (305) 374-4200
                                    Fax: (305) 374-8024

                                    */s/ Angel Leyva*
          BY  _____
                                    Brett M. Rosen, Esq., Fla. Bar No. 0044859
                                    Angel Leyva, Esq., Fla. Bar No.: 1010266
                                    Primary E-mail: pleadings@goldbergandrosen.com
                                    Secondary E-mails: Brett@goldbergandrosen.com
                                    angel@goldbergandrosen.com
                                    BMRSecy@goldbergandrosen.com